FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 18 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHEILA ROBINSON,

        Plaintiff,

  -against-

MICHAEL BLOOMBERG and CITY HALL,

        Defendants.
----------------------------------X
SHEILA ROBINSON,

        Plaintiff,

  -against-

NEW YORK FEDERAL BUREAU OF
INVESTIGATIONS and NEW JERSEY
FEDERAL BUREAU OF INVESTIGATIONS

        Defendants.
----------------------------------X
SHEILA ROBINSON,

        Plaintiff,

  -against-

DEPARTMENT OF HOMELESS SERVICES
and MCI SHELTER,

        Defendants.
----------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

12-CV-1858 (KAM)

12-CV-1859 (KAM)

12-CV-1860 (KAM)

**MATSUMOTO, United States District Judge:**

      Pro se plaintiff Sheila Robinson ("plaintiff") filed the above-captioned complaints on April 12, 2012. Plaintiff's requests

1

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted solely for the purposes of this Order. For the following reasons, all three complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and the plaintiff is granted leave to replead within thirty days as set forth below.

## **THE COMPLAINTS**

The Court is unable to determine the nature of plaintiff's claims. The hand-written complaints each demand a jury trial and allege violations of plaintiff's civil rights, but they do not allege any specific act or omission by any defendant.

The first complaint, *Robinson v. Bloomberg, et al.*, No. 12-CV-1858, names Mayor Michael Bloomberg and City Hall as defendants and alleges, among other things, "Harrassement-predaton" [*sic*], "Criminal State and Federal stalking," and "conspiracy to Attempt to Confinement and violate constitutional and civil Housing Rights and corruption" [*sic*]. This complaint seeks "$80 Billion Dollars due to perpetrators['] wealth and resources," injunctive relief in the form of a "criminal prosecution," and a "cease and decease of stalking" [*sic*]. Additionally, the first complaint seeks an immediate preliminary injunction to freeze all state and federal funds allocated for homeless residents of New York City until an investigation is conducted into the distribution of housing funds.

The second complaint, *Robinson v. New York Fed. Bureau of Investigations, et al.*, No. 12-CV-1859, names the "New York Federal Bureau of Investigations" and the "New Jersey Federal Bureau of Investigations" as defendants. The complaint alleges, among other things, the defendants' "Failure To Prosecute NYC Mayor for 3rd term corruption term" and "Not Enforcing criminal Prosecution of a Federal and State stalking complaint that has left me Homeless and put safety in immense danger" [*sic*]. This second complaint seeks "$100 Billion dollars due to the wealth of Perpetrators and their Resources" as well as injunctive relief in the form of "special prosecutors" and "Relocation Assistance."

The third complaint, *Robinson v. Dep't of Homeless Servs., et al.*, No. 12-CV-1860, names the Department of Homeless Services and "MCI Shelter" located at 200 Tillary Street in Brooklyn, New York as defendants. This complaint alleges "[H]arassment, criminal conspiracy, criminal conspiracy to cause and attempt to confine in a State Mental Facility, Medical Malpractice, Retaliation, conspiracy to violate civil and constitutional Rights, cruel and mental distress, [and] Retaliation conspiracy" [*sic*]. The third complaint seeks $500 million dollars, an apology from both defendants, and "Admittance to the conspiracy to cause mental distress and intentional criminal attempt to violate Housing Right for Equal Housing - Criminal Charges" [*sic*].

3

**DISCUSSION**

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Pursuant to the *in forma pauperis* statute, however, a district court must dismiss a case if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Rather, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

4

is plausible on its face.'" *Id.* (citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Although the plaintiff alleges violations of her constitutional rights, she fails to provide any factual basis for her claims. In order to bring a claim under the Civil Rights Act, as codified at 42 U.S.C. § 1983, a plaintiff must allege two essential elements: "(1) that the conduct in question deprived a person of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and (2) that the acts were attributable at least in part to a person acting under color of state law." *Garcia v. Brown*, 268 F. App'x 127, 129 (2d Cir. 2008) (summary order) (citation omitted). The statute applies only to state actors, and not to federal officials.

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), however, permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). Under both 42 U.S.C. § 1983 and *Bivens*, claims must

5

be brought against the individuals personally responsible for the alleged deprivation of rights, not against the state or federal government or its agencies. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006).

Plaintiff has failed to state a cause of action against any of the named defendants in the three cases. She has not specified any harm or alleged that any individual defendant is personally liable for violating her constitutional rights. Indeed, only one of the named defendants is an individual, and he appears to have been named in his official capacity as the mayor of New York City. In order to assert claims under the Civil Rights Act or *Bivens*, the plaintiff must identify the individuals who are personally responsible for the alleged deprivation of her rights.

## **LEAVE TO AMEND**

In light of this court's duty to liberally construe *pro se* complaints, the plaintiff is granted leave to file an amended complaint in each of her cases within thirty days of the date of this Memorandum and Order, or by June 8, 2012. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). The plaintiff is instructed that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include legible factual allegations. Plaintiff must clearly identify each named defendant and state the specific

allegations against each.  Additionally, she must provide locations and dates for each incident.  Each amended complaint must be captioned "Amended Complaint," and bear the same docket number as the complaint it is intended to replace.  All further proceedings shall be stayed for thirty days.

## CONCLUSION

For the reasons set forth above, the above-captioned *in forma pauperis* complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  All proceedings shall be stayed for 30 days.  If the plaintiff fails to replead within thirty days as directed by this Order, the court shall enter judgment dismissing the complaints.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
May 8, 2012

/S/
_____
KIYO A. MATSUMOTO
United States District Judge

7