DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

------------------------------X

SHEILA ROBINSON,

        Plaintiff,

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 2 0 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

    -against-

12-CV-1858 (KAM)

MICHAEL BLOOMBERG and CITY HALL,

        Defendants.
------------------------------X
SHEILA ROBINSON,

        Plaintiff,

    -against-

12-CV-1859 (KAM)

NEW YORK FEDERAL BUREAU OF
INVESTIGATIONS and NEW JERSEY
FEDERAL BUREAU OF INVESTIGATIONS

        Defendants.
------------------------------X
SHEILA ROBINSON,

        Plaintiff,

    -against-

12-CV-1860 (KAM)

DEPARTMENT OF HOMELESS SERVICES
and MCI SHELTER,

        Defendants.
------------------------------X

**MATSUMOTO, United States District Judge:**

       *Pro se* plaintiff Sheila Robinson ("plaintiff") filed the above-captioned complaints on April 12, 2012. By a Memorandum and

1

Order dated May 8, 2012, the court granted plaintiff's requests to proceed *in forma pauperis*, but dismissed all of the complaints, with leave to replead within thirty days, for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On June 6, 2012, plaintiff filed amended complaints in two of the above-captioned cases, docket numbers 12-CV-1858 and 12-CV-1860, but she failed to file an amended complaint by June 8, 2012 in the case with docket number 12-CV-1859 as required by the court's May 8, 2012 Memorandum and Order. For the reasons discussed below, plaintiff's actions are dismissed.

The original complaints contained vague allegations against Mayor Michael Bloomberg, New York City, the Federal Bureau of Investigation, and city agencies, including "federal stalking" and "conspiracy to attempt to confinement and violate constitutional and civil housing rights and corruption." The complaints did not allege any specific actions or omissions by any individual. Moreover, each complaint sought billions of dollars in damages and injunctive relief including "special prosecutors" and "relocation assistance." As the original complaints failed to conform with the requirements of Rule 8 of the Federal Rules of Civil Procedure or to state a claim on which relief may be granted, the Court dismissed the complaints pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and directed plaintiff to submit amended complaints within 30 days.

Plaintiff's instant amended complaints are labeled with docket numbers 12-CV-1858 (ECF No. 5) and 12-CV-1860 (ECF No. 4), allege a series of violations of sections of the United States Code, and list a litany of "facts" about plaintiff's prior residences and evictions in New York City and Newark, New Jersey as well as her experience in homeless shelters in New York City. Both amended complaints allege that Mayor Bloomberg has been using his position as mayor of New York City since 2001 and his wealth to stalk and harass plaintiff and violate her rights by interfering with her ability to obtain adequate housing and attempting to have her institutionalized in a mental facility. Additionally, plaintiff asserts that homeless shelters and New York City officials and agencies have tried to have her medicated or committed to psychiatric facilities, and she repeats her allegations of "federal stalking" and unspecified violations of her civil rights. The amended complaint in docket number 12-CV-1858 also invokes the Fair Housing Act, but does not allege any discriminatory action by the named defendants on the basis of race, disability, or any other protected category. Finally, plaintiff demands $80 billion in "relocation expenses and attorneys" and the imprisonment of Mayor Bloomberg in docket number 12-CV-1858, and $500 million in docket number 12-CV-1860. To date, plaintiff has not filed an amended complaint in docket number 12-CV-1859.

Plaintiff's amended complaints do not cure the deficiencies in the original complaints. "Federal stalking," which is a crime pursuant to 18 U.S.C. § 2261A, does not provide for a private cause of action, and plaintiff has not identified any constitutional rights that were violated by any of the defendants. Accordingly, the actions captioned under docket numbers 12-CV-1858 and 12-CV-1860 are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As no amended complaint has been filed in the case captioned under docket number 12-CV-1859 within the time prescribed by the court's May 8, 2012 Memorandum and Order, that action is also dismissed.

## CONCLUSION

For the reasons stated above, the cases captioned under docket numbers 12-CV-1858 and 12-CV-1860 are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the case captioned under docket number 12-CV-1859 is dismissed for plaintiff's failure to amend the complaint within the time prescribed by the court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment in these

4

cases, close these cases, and serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service of the docket.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 19, 2012

                                    /s/Kiyo A. Matsumoto
                                    _____
                                    KIYO A. MATSUMOTO
                                    United States District Judge